# KARL WEIDMAN *vs.* THE AMERICAN STEAMSHIP NEBRASKAN.

## November 27, 1908.

*Common carrier—Liability for injury to employee:* Common carrier not liable for injury to employee caused by negligence of his fellow servants, the act of Congress of June 11, 1906 (34 Stat. L.. chap. 3073, p. 232), to the contrary being repugnant to the Constitution.

*Same—Liability for costs of cure, maintenance and wages of injured seaman:* Libelant having received slight injuries in the employ of libellee, and being given adequate medical treatment, an opportunity of entering a hospital as a patient of the Marine Hospital Service at the request of libellee, and being promised relief from work on the vessel for the whole of the return voyage if necessary, failed to enter the hospital, engaged his own physician and left the ship. *Held,* that libellee was not liable for expenses of his cure and maintenance while recovering nor for further wages.

*In Admiralty:* Libel *in rem* for damages.

*Geo. A. Davis,* Proctor for Libelant.
*R. W. Breckons* and *Holmes & Stanley,* Proctors for Libellee.

DOLE, J. The libelant brought his libel *in rem* for damages for injuries alleged to have been received December 6, 1906, while in the service of the libellee as a seaman. The American-Hawaiian Steamship Company, a corporation of the State of New Jersey, filed its claim as owner, and filed a motion to dismiss, and exceptions to the libel, which were overruled except as to the point that the libel contained no allegation that the libellee was a common carrier. The libelant was allowed to amend on this point and did so. The libel as amended was

then excepted to by the claimant on the same grounds as before, with the additional ground that there is no sufficient allegation that the libellee is a common carrier and that it appears by the amended libel that the alleged negligence by which the alleged injury of the libelant was caused was that of fellow servants of the libelant. These exceptions were overruled with the exception of the latter, which was allowed under the old rule that a common carrier is not liable for injuries caused by the negligence of the fellow servant of the person injured, the act of Congress of June 11, 1906 (34 Stat. L., chap. 3073, p. 232), making common carriers liable in such cases having been declared unconstitutional in the Circuit Court for the Western District of Kentucky, in the case of *Brooks v. Southern Pac. Co.,* 148 Fed. Rep. 986, which decision was sustained by the Supreme Court of the United States at or just before the time of such ruling. *The Employers' Liability Cases,* 207 U. S. 463.*

As the case then stood, the remaining issue was whether the alleged injuries had been received by the libelant, as alleged, and as to the liability of the libellee for cure and maintenance of libelant during recovery therefrom, and for wages to the end of the voyage, in case such injuries were shown.

Evidence was introduced pro and con and the court finds from its consideration that the injuries received by the libelant were slight; that he received medical attendance from the United States Marine Hospital physician; that he received from him a permit to enter the Queen's Hospital as a patient of the service, which he did not utilize; that he sought the advice and treatment of another physician not connected with the service; that the ship offered him relief from work for several days or for the whole return voyage to the mainland, if that should be necessary, and that he left the ship December 8, 1906.

---

\* See the case of *El Paso, etc., Ry. Co. v. Gutierrez,* 215 U. S. 125, where the court holds that the Employers' Liability Act of June 11, 1906, is constitutional in so far as the Territories are concerned.

I find that under the circumstances as shown by the evidence, there was no occasion for him to seek independent medical advice or to refuse the offer of the ship to remain on board and have such relief from work as might be necessary under the circumstances, and that he was not justified in so doing. The ship's officers have acted reasonably and are not liable for any claim for costs of cure and maintenance, or for wages on account of time after libelant left the ship.

The libel is dismissed. The libelant filed with his libel an affidavit of inability to pay costs and the proceedings were allowed without obligation on his part for costs. Claimant therefore to pay its own costs.

